IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD NOONER and PAMELA NOONER,

        Plaintiffs,                        NO. CIV. S-11-2367 KJM-JFM

   vs.

EL DORADO UNION HIGH SCHOOL DISTRICT, *et al.*,                ORDER

        Defendants.

_____/

        Plaintiffs aver that the football coach at Ponderosa High School has been cruel to their sons and, after they complained about his behavior, they were denied a transfer request for their sons in violation of their federal civil rights. (*See* ECF 27.) On October 3, 2011, defendant El Dorado Union High School District moved to dismiss plaintiffs' complaint. (ECF 6.) Plaintiffs did not oppose defendant's motion or file a notice of non-opposition within the time prescribed by Local Rule 230 and so, on November 3, 2011, the court issued an order to show cause why the matter should not be dismissed for failure to prosecute. (ECF 11.) Plaintiffs' counsel, Douglas Watts, placed the blame on himself, citing his lack of familiarity with federal practice. (ECF 12.) The court then discharged the order to show cause, sanctioned plaintiffs' counsel, and allowed plaintiffs time to file an opposition. (ECF 13.)

Prior to the rescheduled hearing on defendant's motion to dismiss, the court identified substantive concerns regarding the propriety of El Dorado Union High School District's being named as a party. Citing Ninth Circuit authority, the court on February 3, 2012, issued an order to show cause why the school district should not be dismissed from the action based on Eleventh Amendment immunity. (ECF 18.) Plaintiffs did not respond to this order to show cause and the school district was thereafter dismissed. (ECF 19.) In the dismissal order, the court issued an order to show cause why plaintiffs' counsel should not be sanctioned for failing to respond to the court's February 3 order to show cause. (*Id*.) Plaintiffs did not respond to this order to show cause either. Plaintiffs' counsel was sanctioned again and ordered to file an amended complaint. Plaintiffs filed an amended complaint but plaintiffs' counsel failed to pay the sanction.

Defendants then moved again to dismiss plaintiffs' complaint, raising arguments they did not raise in their first motion. (*See* ECF 28.) Nevertheless, plaintiffs filed the exact same opposition brief they filed in response to the first motion, which by definition failed to address the arguments in defendants' motion to dismiss. (*Compare* ECF 16 *with* ECF 29.) Plaintiffs' counsel failed to appear for the hearing on defendants' motion and did not advance notice to the court, although he apparently notified opposing counsel he would not be appearing.

Prior to dismissing for failure to prosecute under Rule 41(b), the court must consider the factors outlined in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), namely: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." A court "has the inherent power sua sponte to dismiss a case for lack of prosecution." *Id.*

First, the public has an interest in expeditious resolution of litigation. Here, plaintiffs failed to respond to the first motion to dismiss and then opposed the second motion with a brief that does not respond to any of defendants' arguments. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors

dismissal."). Plaintiffs' repeated failure to timely prosecute their case, extending the course of the litigation, supports dismissal.

Second, plaintiffs' many delays have interfered with management of this court's docket. The court has necessarily expended judicial resources as a result of plaintiffs' failure to meet simple deadlines. It has issued three orders to show cause without reaching the merits of the case, given plaintiffs' nonresponsive opposition briefing. *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket strongly favored dismissal because "[p]laintiffs tardily filed their motion for a written order, requiring the district court to devote further time and resources to this matter rather than to the merits of an amended complaint"); *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir.1981), *overruled on other grounds, Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) ("Appellant showed continued disregard for his obligations to the court by late filing of oppositions to [appellee's] motions. The local rules established time limits to provide the court adequate opportunity to consider papers filed by the parties. Appellant's disregard of these rules frustrated that salient purpose."). This factor also supports dismissal.

Third, defendants have been prejudiced by the time and effort they have expended to defend a matter plaintiffs have repeatedly neglected. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (defendant's expenditure of resources to prepare for litigation plaintiff neglected constituted prejudice). Notwithstanding the court's earlier warning that failure to abide by the court's rules could result in dismissal, plaintiffs have developed a pattern of neglect, by failing to reply to two orders to show cause, respond to defendants' motion to dismiss in a meaningful way or appear for oral argument on defendants' motion. This factor also weighs in favor of dismissal.

Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." The court finds

3

this factor weighs against dismissal, although it is a closer call than in many other cases, given that plaintiffs have failed to fulfill their responsibility of moving the case towards disposition on the merits at a reasonable pace and in good faith.

As for the fifth and final factor, "[t]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981)). Here, the court previously sanctioned counsel for failing to observe this court's rules. While counsel paid that initial sanction, he failed to pay a subsequent sanction for failing to respond to this court's show cause order. Since then plaintiffs have submitted a nonresponsive opposition brief and failed to appear for argument. Under these circumstances, no sanction remains that will likely compel plaintiffs to responsibly prosecute their case. That plaintiffs are possibly less to blame than counsel for the abovementioned failures does not alter the result. *See Chism*, 637 F.2d at 1332 ("In recognizing the relative hardship upon Appellant as distinguished from counsel, it must be kept in mind that district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level."). This factor weighs in favor of dismissal.

Four of the five *Henderson* factors favor dismissal with one factor weighing against, although the latter is a close call. In light of the totality of the record, the court finds that dismissal is appropriate as a sanction and under Rule 41(b) for failure to prosecute. This action is dismissed with prejudice and the case is closed.

IT IS SO ORDERED.

DATED: August 29, 2012.

_____
UNITED STATES DISTRICT JUDGE

4